# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

MEMBER SELECT INSURANCE COMPANY )
(AAA) a/s/o MICHAEL BOOMSMA and )
JUDY BOOMSMA, )
        Plaintiff, )
         )
   v. ) CAUSE NO.: 2:16-CV-436-JD-PRC
         )
CUB CADET, LLC, KOHLER, CO., and )
DON BALES, INC, )
        Defendants. )

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File First Amended Complaint at Law [DE 20], filed by Plaintiff Member Select Insurance Company on November 9, 2016. Defendant Cub Cadet, LLC filed a response on November 23, 2016. On the same date, both Defendant Don Bales, Inc. and Defendant Kohler Co. filed notices that they joined in their co-defendant's response. Plaintiff filed a reply on December 5, 2016.

Plaintiff, through the proposed First Amended Complaint, seeks to add plaintiffs, defendants, and claims to this litigation and to name MTD Consumer Group, Inc., as the proper defendant in place of Defendant Cub Cadet, LLC.

Defendants agree that the proper name of the party sued as "Cub Cadet LLC" is "MTD Consumer Group, Inc" and have no objection to amending the Complaint to properly name this party. Therefore, the request to amend the Complaint to properly name this party is granted. In the remainder of this opinion, the Court will refer to this party as MTD.

Defendants argue that the remaining proposed amendments to the Complaint are futile and that Plaintiff's motive in seeking to add the proposed new plaintiffs, Michael Boomsma and Judy Boomsma, is to destroy this Court's subject matter jurisdiction. The Court construes this latter

argument as an argument that the proposed amendments as to the Boomsmas are brought in bad faith. The Court will first address the bad faith argument and then address the futility argument.

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. Because Defendants do not argue that Rule 20's requirements are not met as to the proposed new parties and because, upon review of the proposed First Amended Complaint, the Court finds that the requirements of Rule 20 are satisfied as to the parties sought to be joined, the Court will restrict its analysis below to the issues of bad faith and futility under Rule 15.

### A. Bad Faith

A motion to amend a complaint is properly denied if the amendment is sought in bad faith. *Foman*, 371 U.S. at 182. Defendants argue that the factors to be used when deciding whether to join

a party outlined in *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752 (7th Cir. 2009), should guide the Court's analysis. The factors are "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* at 759. Plaintiff counters that the *Schur* factors only apply when nondiverse defendants—not nondiverse plaintiffs—are sought to be added. Though the facts of *Schur* involved joinder of nondiverse defendants, the *Schur* factors were adopted "for determining whether post-removal joinder of a nondiverse *party* is appropriate" under 28 U.S.C. 1447(e). *Id.* (emphasis added). The Seventh Circuit Court of Appeals, in adopting the *Schur* factors, did not restrict the factors' application only to instances where the nondiverse party sought to be joined is a defendant.

There is one significant difference, however, between *Schur* and the instant litigation. In addition to adding parties, Plaintiff is also seeking leave to file claims under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act ("Magnuson-Moss Act"), and, for the reasons stated in the futility analysis below, Plaintiff (though not the Boomsmas) will be granted leave to bring those claims. Therefore, though the Boomsmas, if joined, would be nondiverse parties, it appears that the Court could still exercise subject matter jurisdiction over this litigation via federal question and supplemental jurisdiction. Consequently, the Court is not tasked with performing analysis under 28 U.S.C. 1447(e).

The issue for the Court to resolve here is whether Plaintiff seeks joinder of the Boomsmas in bad faith. The Court's ability to exercise jurisdiction even if the parties are joined does not disallow a finding of bad faith due to attempted destruction of jurisdiction. *See Sorosky v. Burroughs*

3

*Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (holding, despite the plaintiff's argument that diversity jurisdiction was already destroyed and therefore denial of leave to amend the complaint for bad faith was inappropriate, "[t]he question . . . is not whether diversity jurisdiction existed, but instead whether the motion to amend was brought in bad faith.").

Thus, though the first *Schur* factor—Plaintiff's motive—is an issue for the Court here in determining whether the joinder of the Boomsmas is in bad faith, the *Schur* factors as a whole are not the appropriate framework for deciding the question at hand. *See Schur*, 759 F.3d at 759; *Beil v. Ill. Mun. League Risk Mgmt. Ass'n*, Case No. 16-cv-356, 2016 WL 3999895, at *2-3 (S.D. Ill. July 26, 2016) (applying the *Schur* factors where joinder would destroy subject matter jurisdiction).

Proposed amendments that clearly try to avoid unfavorable consequences on the merits or gain a tactical advantage are brought in bad faith. *See Vitrano v. United States*, 721 F.3d 802, 807 (7th Cir. 2013); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981). Relevant to the bad faith determination are whether it is likely Plaintiff knew the facts pertinent to the amendment before the original complaint was filed and whether Plaintiff is trying to forum shop. *See Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015); *see also Johnson v. Gen. Motors Corp.*, No. 03-865, 2004 WL 5477533, at *1 (S.D. Ill. Aug 31, 2004) (finding reasonable explanations for delay in seeking amendment show that the amendment was not sought in bad faith).

The instant motion was filed approximately one month after the Notice of Removal and two and a half months after the original Complaint. Out of context, the motion appears to be timely. However, in the instant motion, Plaintiff provides an approximate date regarding when it learned of pertinent information for the proposed new claims against Defendant Kohler, Co. and all of the

4

proposed new parties, with one exception. The paragraph stating that Plaintiff learned that the Boomsmas had uninsured losses is undated.[1] Because dates were provided for the other claims, this failure to provide a date is suspicious.

Similarly, Plaintiff states that it seeks amendment to "add the Plaintiff's insureds, Michael and Judy Boomsma, as additional Plaintiffs in this matter . . . and to incorporate the newly discovered information by adding two (2) counts [under the Magnuson-Moss Act], and to add Farm & Fleet of Janesville, Inc. and Penninga Sales and Service, Inc. as additional Defendants in this matter." (Mot. ¶ 7). The addition of the Boomsmas is not listed as an amendment sought "to incorporate the newly discovered information," which is also suspicious in context and suggests that the information supporting the Boomsmas' claims has long been known.

Additionally, because Plaintiff is in the business of providing insurance and processing claims, it strains credulity to suggest that Plaintiff was unaware until just after the Notice of Removal was filed—more than two years after the fire occurred—that, under Plaintiff's policies, the

---

[1] The relevant paragraphs are 2-6:

    2. On October 7th, 2016, the Defendant, Cub Cadet, LLC, filed its Notice of Removal . . . and the Plaintiff learned that the Defendant, Cub Cadet LLC, had been incorrectly named in the Plaintiff's Complaint. . . .
    3. On or about October 17th, 2016, the Plaintiff learned that its insureds had purchased the subject cub cadet tractor from Farm & Fleet of Janesville, Inc., and not from the Defendant, Don Bales, Inc. . . .
    4. Also on or about October 17th, 2016, the Plaintiff learned that in 2013, prior to the date of loss, employees and/or representatives of Penninga Sales and Service, Inc. performed maintenance, repair and/or other service work on the subject cub cadet tractor.
    5. On or about October 25th, 2016, the Plaintiff acquired new and additional information regarding the design, manufacture and/or assembly of the subject cub cadet tractor and its Kohler, Co. engine.
    6. It was also learned that, as a result of the fire, the Plaintiff's insureds, Michael and Judy Boomsma, incurred additional uninsured losses (not reimbursed by Member Select Insurance Company), in addition to their deductible.

Mot. ¶¶ 2-6, ECF No. 20.

Boomsmas would have uninsured losses. Combined, these factors weigh in favor of denying the amendment due to bad faith.

Further, the record suggests that Plaintiff is seeking to add the Boomsmas specifically in order to destroy this Court's jurisdiction. First, Plaintiff filed a Motion to Remand on the same date as the instant motion. Also, Plaintiff asserts that Defendant's argument that the Boomsmas should not be joined lacks a legal basis—this is the argument related to *Schur*, which the Court resolved above. Plaintiff does not argue, however, that the argument lacks a factual basis, that is, that the Plaintiff does not seek to add the Boomsmas for the purpose of destroying diversity. These factors also weigh in favor of denying the amendment due to bad faith.

In looking at the above-mentioned factors together, it is this Court's opinion that Plaintiff sought to add the Boomsmas in order to return this litigation to state court, and thus, that the requested amendment to add the Boomsmas is brought in bad faith.

Therefore, Plaintiff's request for leave to amend the Complaint in order to add the Boomsmas as plaintiffs is denied due to the request being brought in bad faith. Though Defendants argue that the instant motion should be denied in its entirety, the Court finds that Plaintiff has provided reasonable explanations for its requests to add the remaining new claims and parties and that these requests are not made in bad faith. Therefore, the Court will address these proposed amendments under Defendants' other argument—that the amendments would be futile.

### B. Futility

The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6), *see Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Iqbal*, 556 U.S. at 677-78. Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The remaining new claims that Plaintiff seeks to bring are Magnuson-Moss Act claims against MTD and Kohler Co. and negligence claims against Farm & Fleet of Janesville, Inc., and Penninga Sales and Service, Inc. MTD argues that all of these claims are futile because they are barred by the statute of limitations and that the Magnuson-Moss Act claims are futile because they are barred by the terms of an express warranty.

1. *Statute of Limitations*

A contention that a claim is barred by the statute of limitations is an affirmative defense, and a plaintiff does not have to "anticipate or overcome" it in the complaint. *Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 F. App'x 523, 524 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)); Fed. R. Civ. P. 8(c). The burden of an affirmative defense rests upon the party seeking the benefit. *See*

7

*MNW, LLC v. Mega Auto Grp., Inc.*, 884 F. Supp. 2d 740, 754 (N.D. Ind. 2012) (citing *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 653 (Ind. Ct. App. 2002)).

A complaint does not fail under the motion to dismiss standard simply because a "defense is potentially available." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Rather, dismissal based upon "an affirmative defense is appropriate only where the plaintiff pleads [itself] out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Covington*, 154 F. App'x at 524–25 (7th Cir. 2005) (quoting *Xechem*, 372 F.3d at 901). In such a case, the affirmative defense's merit must be "apparent from the complaint itself" and "unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Defendants assert that all of the new claims are subject to a two-year statute of limitations period, that the fire at issue occurred on September 1, 2014 (which the Court understands to be Defendants' asserted date of accrual of the causes of action at issue), and that the claims were asserted no earlier than November 9, 2016.

Assuming that Defendants are correct about the statute of limitations and the date of accrual, however, Plaintiff has not pled itself out of court. The merit of the statute of limitations defense is not unmistakable. For instance, it might be that Plaintiff has (or will have) evidence that satisfies the requirements of the relation-back provisions of Federal Rule of Civil Procedure 15(c). Indeed, for all of the new claims, Plaintiff argues in its reply brief that all of the new claims relate back. Thus, Defendants' argument that the proposed amendments are futile on the basis of the statute of limitations is unsuccessful.

2.   *Express Warranty*

Defendants also assert that the proposed claims under the Magnuson-Moss Act are futile because these claims allege a breach of an implied warranty of merchantability and there is an

express warranty that excludes any implied warranties. Though MTD attached a copy of an express warranty to its response to the instant motion, that express warranty was not included or referred to in the proposed First Amended Complaint.

As set forth above, the applicable standard under 12(b)(6) tests the sufficiency of the proposed pleading and not the merits of the claims. Thus, in deciding whether Plaintiff's proposed First Amended Complaint is futile because it cannot withstand a motion to dismiss, the Court evaluates the sufficiency of the proposed First Amended Complaint and does not examine evidence outside the First Amended Complaint. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). The Court could consider documents if they were incorporated by reference in the First Amended Complaint or referred to in Plaintiff's First Amended Complaint and central to a claim, *see id.*, but the express warranty that MTD attached to its response is not incorporated by reference or referred to in the pleading. Thus, the express warranty presented by MTD in its response does not render futile the claims brought under the Magnuson-Moss Act. The instant motion will be granted as to the proposed new claims not brought by the Boomsmas.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion for Leave to File First Amended Complaint at Law [DE 20]. The motion is denied as to all proposed claims brought by Michael Boomsma and Judy Boomsma. The motion is granted as to all other proposed amendments.

The Court **ORDERS** Plaintiff Member Select Insurance Company (AAA) to **FILE** the First Amended Complaint, with changes made to remove all claims brought by the Boomsmas and all references to them as plaintiffs in accordance with this Opinion and Order, on or before **February 24, 2017**.

So ORDERED this 13th day of February, 2017.

            s/ Paul R. Cherry
            MAGISTRATE JUDGE PAUL R. CHERRY
            UNITED STATES DISTRICT COURT