UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MEMBER SELECT INSURANCE<br>COMPANY (AAA) a/s/o MICHAEL<br>AND JUDY BOOMSMA,<br><br>            Plaintiff,<br><br>            v.<br><br>PENNINGA SALES AND SERVICE, INC.,<br><br>            Defendant. | No. 2:16 CV 436 |

## OPINION and ORDER

This matter is before the court on defendant's motion for summary judgment. (DE # 65.) For the reasons stated below, the motion will be granted.

**I.    BACKGROUND**

Plaintiff Member Select Insurance Company is acting as subrogee to Michael and Judith Boomsma (the "Boomsmas"). (DE # 43 ¶ 3.) Plaintiff provided insurance coverage to the Boomsmas for their home and their 2011 GMC Terrain-SLE. (*Id*.) Plaintiff alleges that, on September 1, 2014, a fire started in the Boomsmas' garage, damaging their home and the 2011 GMC Terrain-SLE. (*Id*. ¶¶ 20–21.) The fire allegedly originated from the Boomsmas' Cub Cadet LT1042 Tractor (the "tractor"), which was also parked in the garage. (*Id*. ¶¶ 5, 20–21.) The parties agree that defendant Penninga Sales and Services, Inc. ("Penninga"), performed maintenance on the tractor on June 26, 2013. (DE ## 66 at 9; 70 at 2.)

Based on this series of events, plaintiff filed a state court complaint on August 26,

2016, in the Circuit Court for Lake County, Indiana. (DE # 1 ¶ 1.) That complaint contained claims against Cub Cadet LLC, Kohler Co., and Don Bales, Inc: parties who allegedly designed or serviced portions of the tractor. (*See* DE # 3.) The case was removed to this court on October 7, 2016. (*See* DE # 1.)

On November 9, 2016, plaintiff moved for leave to file its first amended complaint. (DE # 20.) The motion was granted in part on February 13, 2017 (DE # 42), allowing plaintiff to file an amended complaint, which it did on February 23, 2017 (DE # 43). The amended complaint introduced a claim against Penninga for negligence. (DE # 43 at 17.) Penninga asserts that it first received notice of the suit on March 9, 2017, the date it was served. (DE # 66 at 4.)

On April 24, 2017, Penninga filed a motion for summary judgment. (DE # 65.) At the time, only limited written discovery had been completed. (DE # 70 at 2.) Since then, all defendants other than Penninga have been dismissed from the case. (*See* DE ## 43, 72, 76.) Plaintiff has responded to the motion for summary judgment (DE # 70), and Penninga has filed a reply brief in support of the motion (DE # 71). Thus, the motion is now ripe for ruling.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322

(1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (internal citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met its burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

**III.   DISCUSSION**

   *A.   Statue of Limitations*

In its motion, Penninga argues that summary judgment is appropriate in its favor because the statute of limitations expired before plaintiff filed suit against it. (DE # 66 at 2.) Indiana Code § 34-11-2-4 sets forth a two-year statute of limitations period for negligence claims for injury to personal property. The parties agree that this two-year statute of limitations period applies to plaintiff's claim against Penninga. (*See* DE ## 66 at 6; 70 at 5.)

Plaintiff asserts that its cause of action accrued on September 1, 2014: the date of the fire. (DE # 70 at 5–6.) While Penninga contends that the cause of action may have accrued earlier, it agrees with plaintiff that it could not have accrued any later than September 1, 2014. (DE # 66 at 9–10.) Thus, the parties agree that the two-year statute of limitations period had expired by September 1, 2016. (DE ## 66 at 10; 70 at 6.) Although plaintiff filed its initial complaint before that date, the claim against Penninga was not raised until after that date, when plaintiff filed its motion for leave to amend on February 13, 2017. (DE # 42.) The claim was ultimately added when the first amended complaint was filed on February 23, 2017. (DE # 43.)

Since the statute of limitations expired before plaintiff filed a claim against Penninga, the claim would be barred as a matter of law and summary judgment would be appropriate. *See Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) ("Summary judgment is properly granted on the basis of a statute of limitations defense if (1) the

4

statute of limitations has run, thereby barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor." (internal quotation marks omitted)). Nonetheless, plaintiff argues that the statute of limitations does not bar its claim, because its first amended complaint relates back to the original, timely filed complaint. (DE # 70 at 3.) The court will now examine this "relation back" argument.

B. *Relation Back*

The relation back rule—Federal Rule of Civil Procedure 15(c)—provides a method by which a plaintiff can change or add a defendant after the statute of limitations has run out. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342–44 (7th Cir. 1996). The rule allows an amended complaint to relate back to the filing date of an earlier complaint if (1) "Rule 15(c)(1)(B) is satisfied"; (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff is correct that amendments under Rule 15(c) are to be "freely allowed." *Staren v. Am. Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976). However, this is

5

only the case if these three *requirements* have been met. *See Smetzer v. Newton*, No. 1:10-CV-93-JVB, 2010 WL 3219135, at *9 (N.D. Ind. Aug. 13, 2010) (clarifying that the three conditions of Rule 15 are "requirements").

Accordingly, for its claim against Penninga to survive, plaintiff must demonstrate that all three requirements have been met. Because it is dispositive of the motion, the court will turn, first, to the third requirement: that the newly named defendant knew or should have known, within the Rule 4(m) period, that but for a mistake concerning the proper party's identity, it would have been named in the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Plaintiff devotes much of its response to arguing about the length of the Rule 4(m) period. (*See* DE # 70 at 6–11.) On the other hand, it spends comparatively little time discussing the knowledge and mistake portions of the third requirement. (*See id*. at 12–13.)

Regarding mistake, plaintiff admits that it "steps into the shoes of the Boomsmas" and, therefore, "any knowledge that the Boomsmas have is imputed to the [p]laintiff." (*Id*. at 12.) As such, it is undisputed that, at the time it first filed suit, plaintiff knew Penninga had performed maintenance on the tractor in 2013. Consequently, plaintiff does not argue that it did not know of the existence of Penninga, when it filed suit; rather, plaintiff argues that it "*misunderstood the role* that [Penninga] may have played in causing and/or contributing to the subject fire." (*Id*. at 13 (emphasis added).) This type of "mistake" regarding a party's "role" might differ from the traditional type of mistake that courts would have recognized under Rule 15(c)(1)(C), where a party is

6

simply misidentified. *See e.g.*, *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (referring to a party that was not named, due to a mistake of identity, as "the beneficiary of a mere slip of the pen"). However, as plaintiff points out, the Supreme Court recognized in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010), that, in some circumstances, a mistake regarding a party's role is sufficient for Rule 15(c)(1)(C).

In *Krupski*, the Supreme Court held that "a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware." 560 U.S. at 550. This is because "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id.* at 549. Thus, according to plaintiff, its knowledge of Penninga's existence does not mean that it made no mistake of identity in the original complaint, of which Penninga should have known.

However, the type of mistake regarding a party's role, discussed in *Krupski*, is not reflected in the case at hand. In *Krupski*, the court speaks of mistakes as to a party's "role in the events" and "the role that party A . . . played in the conduct, transaction, or occurrence giving rise to her claim." *Id.* (internal quotation marks omitted). But here, there was no misunderstanding of Penninga's role in the events at issue. Plaintiff knew

7

that Penninga serviced the tractor and changed its transmission belt on June 26, 2013.[1]
(*See* DE # 66 at 9.)

Since plaintiff did not misunderstand Penninga's role in the events, it asserts, instead, that it misunderstood the role Penninga played in the *causation* of the fire. (*See* DE # 70 at 13.) Essentially, plaintiff is asserting that it always knew Penninga serviced the tractor, but that it mistakenly failed to recognize Penninga's actions as the true cause of the fire until after the statute of limitations period expired.

*Krupski* does not discuss any mistake of this type; and, nothing in that decision would lead this court to find that a misunderstanding regarding causation should be considered "a mistake concerning the proper party's identity" for the purposes of Rule 15(c)(1)(C). Moreover, plaintiff provides no citation to *any* court decision in which such a mistake was recognized as the basis for allowing relation back. Conversely, the Supreme Court "agree[d] that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 549. That is what happened here: plaintiff knew of the factual and legal distinctions between Penninga and the parties it sued in the original complaint, and it still chose not to sue Penninga before September 1, 2016.

Thus, pursuant to the Supreme Court in *Krupski*, the failure to sue Penninga

---

[1] At no point in its response does plaintiff contend that the Boomsmas were unaware of the type of service performed on the tractor by Penninga. (*See* DE # 70.)

before September 1, 2016, was not a mistake for the purposes of Rule 15(c)(1)(C). Since there was no mistake, the court cannot find that Penninga knew or should have known that it would have been named in the original complaint but for a mistake of identity.[2]

In this case, the third requirement of Rule 15(c)(1)(C) is not satisfied. Therefore, the amended complaint does not relate back to the original complaint, the claim against Penninga is barred by the statute of limitations, and summary judgment is appropriate in Penninga's favor.

## IV. CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE # 65) is **GRANTED**. The Clerk is to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Penninga Sales and Service, Inc., and against plaintiff Member Select Insurance Company, which shall take nothing by way of its complaint.

**SO ORDERED.**

Date: December 11, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] Additionally, even if plaintiff had made a mistake, it must be demonstrated that *Penninga* knew or should have known of the mistake. *Krupski*, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."). Penninga's president asserts that neither he nor the company had knowledge of any mistake. (DE # 66 at 16–17.)

9